WESLEY L. WIEDMER, APPELLANT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY ET AL., RESPONDENTS.

Submitted March 27, 1925.—Decided May 18, 1925.

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 942.

For the appellant, *Clarence L. Cole.*

For the respondents, *Bourgeois & Coulomb.*

PER CURIAM.

The Supreme Court, for reasons stated in its *per curiam* cited above, dismissed a writ of *certiorari* to an order of that court appointing commissioners under the Eminent Domain act, and the owner appeals.

The first point made is that the Supreme Court erred in finding that the proposed tracks of respondent will not run longitudinally in Philadelphia avenue. To this we do not agree, and consider that the Supreme Court rightly found the fact and law in this regard. This also disposes of the second point, that there is no authority of law to occupy the street longitudinally.

The third and last point is that section 34 of the Railroad act, cited by the Supreme Court, is not applicable to Wildwood Crest, where the land in question is situate, because Wildwood Crest is not a city but a borough. *Pamph. L.* 1910, *p.* 146. We concur in the view of the court below that the finding that the tracks do not run longitudinally renders it unnecessary to express any opinion on this point.

It is argued that "if this finding of fact be correct, there was no occasion to institute condemnation proceedings." Perhaps not; but if there was no additional burden on the land of prosecutor in Philadelphia avenue, he is certainly not aggrieved by the making of the order; and, on the other

hand, if the new tracks will impose an additional burden, the railroad must pay.

The other matters discussed by the Supreme Court are not challenged here, and we express no opinion on them.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.